IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:10CV77-01-MU

| | |
|---|---|
| CHAD TYRONE KINCAID, | ) |
| Plaintiff, | ) |
| v. | ) **O R D E R** |
| CALDWELL COUNTY, <u>et al.</u>, | ) |
| Defendant. | ) |

**THIS MATTER** comes before the Court for an initial review of Plaintiff's Complaint pursuant to 42 U.S.C. § 1983 (Doc. No. 1), filed June 18, 2010.

In his Complaint Plaintiff alleges that in late 2005 and 2006, while in custody at the Caldwell County Jail, he complained on a daily basis about chest pain. Plaintiff asserts that on January 15, 2006, he was told to fill out a sick call form. Plaintiff states that on January 19, 2006, he was prescribed Prilosec for acid reflux. Plaintiff contends that although he complained daily of chest pain he was not given any diagnostic testing. Plaintiff alleges that he was finally seen by Dr. Abernathy and at that point he was given further testing and his medication was changed. Plaintiff asserts he was denied further help.

Plaintiff's Complaint is untimely. Because there is no federal statute of limitations for § 1983 actions, the state statute governing personal injury is applied. <u>Wilson v. Garcia</u>, 471 U.S. 261 (1985). In North Carolina a three year statute of limitations applies to any personal injury not covered by another limitation. N.C. Gen. Stat. § 1-52(5). Consequently, § 1983 claims arising in North Carolina have a three year statute of limitations. <u>National Advertising Co.</u>, 947 F.2d 1158,

1161-62 (4th Cir. 1991). In his Complaint Plaintiff asserts that the actions upon which he is basing his lawsuit took place in late 2005 and 2006 - over four years ago. Because over three years lapsed between the time the alleged acts occurred and the time Plaintiff filed this lawsuit, his claim is untimely and is dismissed on this basis.

In addition, the Court notes that on May 24, 2006, Plaintiff filed a § 1983 Complaint based upon the same facts. (5:06CV65: Doc. No. 1.) After conducting an initial review of the 2006 Complaint, this Court dismissed Plaintiff's Complaint for failing to state a claim. (5:06CV65: Doc. No. 6.) The principle of res judicata operates to bar further claims by parties or their privies based on the same cause of action that has been previously adjudicated on the merits.[1] See Young-Henderson v. Spartanburg Area Mental Health Ctr., 945 F.2d 770, 773 (4th Cir. 1991). Moreover, the principle of res judicata applies even when additional parties are added to the subsequent lawsuit, as long as the law suit arises out of the same set of operative facts as the first lawsuit. See Nevada v. United States, 463 U.S. 110, 130-31 (1983). Consequently, Plaintiff's Complaint s dismissed on this basis as well.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Complaint is **DISMISSED**.

Signed: June 30, 2010

Graham C. Mullen
United States District Judge

---

[1] The Court notes that Caldwell County and the Caldwell County Jail could also be dismissed for failure to allege that the actions complained of were done pursuant to a custom or policy of the County. See Monell v. Department of Social Servs., 436 U.S. 658, 694 (1978).